| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

AARON DALTON,

*Plaintiff,*

v.

CEDAR MARKET PLACE, LLC,

*Defendant.*

Case No. _____

Case Type: 14 (Other Civil)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO **Cedar Market Place, LLC.**

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Padraigin L. Browne (MN Bar # 389962)
        Browne Law LLC
        8530 Eagle Point Blvd, Suite 100
        Lake Elmo, MN 55042

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| AARON DALTON, <br><br> *Plaintiff,* <br><br> v. <br><br> CEDAR MARKET PLACE, LLC, <br><br> *Defendant.* | Case No. _____ <br><br> Case Type: <u>14 (Other Civil)</u> <br><br> **COMPLAINT** <br><br> **Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant Cedar Market Place, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant owns and leases the multi-tenant commercial building known as "Cedar Marketplace", which to the extent was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Cedar Marketplace" was not constructed or altered before January 26, 1993, it was required to remove barriers to access to the extent barrier removal was readily achievable. "Cedar Marketplace" contains architectural barriers to accessibility.

- 1 -

2.     The violations alleged in this complaint occurred at "Cedar Marketplace", located at 14638 Cedar Ave, Apple Valley MN 55124.

3.     Defendant's failure to provide equal access to "Cedar Marketplace" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.     Defendant's conduct constitutes an ongoing and continuous violation of the law.

5.     Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

### JURISDICTION AND VENUE

6.     This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA. This Court has concurrent jurisdiction over the federal cause of action.

7.     Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

### PARTIES

8.     Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected

class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9.      Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10.      Defendant Cedar Market Place, LLC, a Minnesota limited liability company, is the owner and lessor of the real property and improvements which are the subject of this action, the multi-tenant commercial building known as "Cedar Marketplace", a place of public accommodation within the meaning of the ADA, located at the street address of 14638 Cedar Ave, Apple Valley MN 55124.

## FACTUAL BACKGROUND

11.      On April 29, 2018, Plaintiff Dalton attempted to visit "Cedar Marketplace" in Apple Valley, Minnesota. "Cedar Marketplace" is a multi-tenant commercial building with tenants such as Buffalo Wild Wings, Carpet King, and Five Guys.

12.      Upon arrival, Plaintiff found that the curb ramp providing access to the entrance to Buffalo Wild Wings from the nearby accessible parking space had a steep slope. Based on Plaintiff's experience and visual inspection, the ramp appeared to be steeper than 1:12.

13.      The curb ramp providing access to the Buffalo Wild Wings entrance from the nearby accessible parking space had a change in level due to the crumbling material of the parking lot and ramp.

14.     A photograph in Exhibit A to this Complaint depicts these two parking spaces reserved for persons with disabilities in the "Cedar Marketplace" customer parking lot and the adjacent curb ramp as they as they appeared on Plaintiff's April 29, 2018 visit.

15.     Plaintiff is aware that the 4 parking spaces reserved as accessible parking spaces near Applebee's were situated on a slope.

16.     An image in Exhibit B to this Complaint depicts the 4 reserved parking spaces located near Applebee's.

17.     Plaintiff is aware that 2 of the parking spaces reserved as accessible parking spaces near the building with businesses such as FedEx had slopes in the shared access aisle adjacent to these spaces.

18.     1 parking space near Masu reserved as an accessible parking space lacked an adjacent access aisle.

19.     Images in Exhibit C to this complaint depict the reserved parking spaces near FedEx and Masu.

20.     Plaintiff lives in Burnsville, Minnesota and frequently travels throughout Minnesota, including Apple Valley.

21.     In light of the architectural barriers at "Cedar Marketplace", Plaintiff Dalton is deterred from visiting "Cedar Marketplace" in the future. Plaintiff Dalton would like to be able to patronize "Cedar Marketplace", but these architectural barriers deter him from doing so. He plans to return and patronize "Cedar Marketplace" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22.     Plaintiff Dalton attempted to access Defendant's premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff Dalton cannot independently

access the facilities and/or is excluded from full and equal enjoyment of the goods, ser-
vices, privileges, advantages, and/or accommodations offered therein.

23.    The architectural barriers alleged in this complaint also violate Minnesota
Human Rights Act, Minn. Stat. Chapter 363A.  Notice of the architectural barriers at "Ce-
dar Marketplace" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and
attached as Exhibit D to this complaint.

## FACTUAL ALLEGATIONS

24.    Defendant has discriminated against Plaintiff Dalton on the basis of his dis-
abilities by failing to comply with the requirements of the ADA, the ADAAG, with regard
to "Cedar Marketplace". A specific, though not exclusive, list of unlawful physical barriers
and ADA violations present at "Cedar Marketplace" which limit the ability of persons in
wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, ad-
vantages and/or accommodations offered therein on a full and equal basis, includes the
following:

   a. The "Cedar Marketplace" customer parking lot had approximately 346 total
      parking spaces lacked the required 8 parking spaces complying with
      ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible
      parking spaces which comply with all elements of 502 (including location,
      width, length, signage, slope, and presence of an access aisle) to ensure he
      can park safely, make a safe transfer between his vehicle and the parking lot,
      and travel safely between the parking lot to the building entrance.

   b. The curb ramp in the "Cedar Marketplace" customer parking lot providing
      access to the entrances of tenant businesses near Buffalo Wild Wings from
      the nearby accessible parking space had a steep greater than 1:12, in violation

of ADAAG 405.2 and 406. Plaintiff requires an adequately gradual slope to safely navigate a ramp.

c.  The curb ramp in the "Cedar Marketplace" customer parking lot providing access to the entrances of tenant businesses by Buffalo Wild Wings had a change in level at the base of the curb ramp, in violation of ADAAG 405.4. Changes in level on ramps can be dangerous for Plaintiff, as they can result in falls.

d.  To the extent the change in level on the curb ramp is due to degradation of the material of the parking lot or the ramp, the change in level is due to a failure to maintain accessible features, in violation of 28 CFR § 36.211. Plaintiff cannot safely use accessible features that were once usable but are now unusable due to lack of maintenance.

e.  The 4 parking spaces near Applebee's reserved as accessible parking spaces had slopes steeper than 1:48, in violation of ADAAG 502.4. Plaintiff requires a level surface to make a safe transfer between his vehicle and the parking lot.

f.  2 parking spaces near FedEx reserved as accessible parking spaces had slopes in their shared access aisle, in violation of ADAAG 502.4. Plaintiff requires a level access aisle to transfer safely between his vehicle and the parking lot.

g.  1 parking space near Masu reserved as an accessible parking space lacked an adjacent access aisle, in violation of ADAAG 502.2. In order to be a compliant access aisle, the access aisle must comply 502.3 governing access aisles, and with the sloping requirements of 502.4. Plaintiff uses a wheelchair for mobility and needs a safe place to transfer between his vehicle and the parking lot.

25.     The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Cedar Marketplace". To qualify as an accessible parking facility and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles

26.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Cedar Marketplace" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG.

27.     Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed, or altered, after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

28.     In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards, the ADAAG, is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, making curb cuts in sidewalks 28 C.F.R. § 36.304(b).

29.     As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

30.     Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Cedar Marketplace" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

### FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

31.     Plaintiff incorporates and realleges the above paragraphs.

32.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of dis-
> ability in the full and equal enjoyment of the goods, services,
> facilities, privileges, advantages, or accommodations of any
> place of public accommodation by any person who owns,
> leases (or leases to), or operates a place of public accommoda-
> tion.

33.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

34.     Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Dalton has been denied

full and equal access to "Cedar Marketplace" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

35. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

36. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

37. Plaintiff plans to visit "Cedar Marketplace" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Cedar Marketplace" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

38. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Cedar Marketplace" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Cedar Marketplace" until such time as Defendant cures the access barriers.

39. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

    a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of

Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court award nominal damages.

c. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: <u>July 25, 2018</u>

<u>/s/ Padraigin L. Browne</u>
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

Date: <u>July 25, 2018</u>

By:     _____

        Padraigin L. Browne (MN Bar #389962)

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C







# EXHIBIT D

BROWNE LAW LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
Telephone: 612-293-4805
Email: paddy@brownelawllc.com

July 25, 2018

### RE:   NOTICE OF ARCHITECTURAL BARRIER

This notice is to advise you of a claim that 14638 Cedar Ave, Apple Valley MN 55124 is in violation of the Americans with Disabilities Act and/or the Minnesota Human Rights Act for failure to remove one or more architectural barriers limiting access to the premises by persons with disabilities.

**Allegation of Violation**

The undersigned attorney represents Aaron Dalton, who alleges that 14638 Cedar Ave, Apple Valley MN 55124 is in violation of Minnesota Human Rights Act, Minn. Stat Chapter 363A including Minn. Stat. 363A.11, Subd. 2, and Subd. 3(4) because Aaron Dalton attempted on April 29, 2018 to access 14638 Cedar Ave, Apple Valley MN 55124 but was unable to or was deterred from doing so due to the following architectural barrier or barriers limiting access by persons with disabilities: lack of accessible parking, and the change in level at the base of a curb ramp.

**Accessibility Audit**

Licensed, registered, or otherwise certified professionals with knowledge of the Americans with Disabilities Act and Minnesota Human Rights Act requirements regarding physical barriers to access may be available to conduct an audit of your business establishment or place of public accommodation to advise you regarding compliance with the law. For more information, contact the Minnesota State Council on Disability at 1-800-945-8913 or visit MSCOD's Web site at http://www.disability.state.mn.us.

**Response**

Please contact, or have your attorney contact, the undersigned attorney no later than October 1, 2018 to provide a response or if you would like to engage in prelitigation settlement negotiations. Failure to respond to this notice may result in a lawsuit being filed against you.

Sincerely,

/s/Padraigin L. Browne

Padraigin L. Browne